IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CANAL INSURANCE COMPANY      :
         Plaintiff   :
         :
VS.   :   3:CV-07-2272
         :   (JUDGE VANASKIE)
         :
J. PERCHAK TRUCKING, INC.,   :
FRANCES T. MORECK, JR., and   :
ELIZABETH PAGNOTTI,   :
         Defendants   :

## MEMORANDUM AND ORDER

April 6, 2009

At issue in this declaratory judgment action is whether Plaintiff Canal Insurance Company ("Canal") owes a duty to defend and/or a duty to indemnify its insured, J. Perchak Trucking, Inc. ("Perchak") and its employee, Francis T. Moreck, Jr., in connection with a personal injury action brought by Elizabeth Pagnotti, who was a passenger in the tractor trailer operated by Moreck at the time of the underlying accident. Pagnotti filed a lawsuit against Moreck and Perchak in the Court of Common Pleas of Luzerne County, and under the terms of Perchak's coverage, Canal has provided a defense. Canal subsequently filed this declaratory judgment action and moved for summary judgment before the parties engaged in discovery. (Dkt. Entry 19.)[1] Canal argues that the Occupant Hazard Exclusion

---

[1] For the convenience of the reader of this Memorandum opinion in electronic form, hyperlinks to the Court's record and to authority cited herein have been inserted. No

("OHE") in Perchak's policy relieves it of any duty to defend and/or indemnify its insureds.[2]

Pagnotti acknowledges that the OHE endorsement, on its face, excludes coverage for her claim. She contends, however, that the OHE endorsement is not enforceable because it conflicts with a federally-mandated endorsement for policies issued to motor carriers involved in interstate commerce, known as the MCS-90 endorsement.[3] Alternatively, Pagnotti, citing to Pennsylvania regulatory provisions, including 52 Pa. Code §32.12,[4] contends that the OHE endorsement is invalid as a matter of state law. Pagnotti

---

endorsement of any provider of electronic resources is intended by the use of hyperlinks.

[2] On July 31, 2008, Plaintiff was granted leave to file an amended complaint. (Dkt. 29.) Plaintiff's Amended Complaint includes an additional count requesting a declaration that there is no uninsured motorist coverage for Pagnotti's claims. (Dkt. 31, at 8.) Since Plaintiff's Amended Complaint was filed after the Motion for Summary Judgment, Plaintiff's Motion will be analyzed as a Motion for Partial Summary Judgment.

[3] Effectively, the MCS-90 endorsement obligates Canal to pay any final judgment recovered against Perchak for liability arising out of the negligent operation of one of its tractor trailers regardless of a policy exclusion. See Progressive Cas. Ins. Co. v. Hoover, 809 A.2d 353, 360 (Pa. 2002).

[4] In pertinent part, this regulation provides:

(a) No common carrier or contract carrier of property may engage in intrastate commerce and no certificate will be issued, or remain in force, except as provided in § 32.15 (relating to applications to self-insure), until there has been filed with and approved by the Commission, a certificate of insurance by an insurer authorized to do business in this Commonwealth, to provide for the payment of valid accident claims against the insured for bodily injury to or the death of persons, or the loss or damage to property of others resulting from the operation, maintenance or use of a motor vehicle in the insured's authorized service. The liability of the insurance company on each motor

also relies upon the Pennsylvania Public Utility Commission's May 23, 2005, Declaratory Order, Insurance Coverage Requirements for Motor Carriers, M00041816, 2005 WL 1876133 (May 23, 2005), which determined that "exclusionary clauses . . . found in individual insurance policies issued to motor carriers do not relieve an insurer, which has filed a Form "E" certification with the Commission, from providing coverage in the event of an accident."[5]

Canal asserts that the MCS-90 endorsement triggers a duty to indemnify only in the event that the accident occurred while the vehicle in question was involved in interstate commerce. (Canal's Reply Brief, Dkt. Entry 34, at 5.) Canal argues that the state regulation on which Pagnotti bases her invalidity argument "applies to intrastate commerce only." (Canal's Reply Brief, Dkt. Entry 34, at 15.)

As presented by the parties, a threshold question is whether the insured's tractor trailer was operating in interstate or intrastate commerce. If the tractor trailer was not operating in interstate commerce, then there may be no need to consider the effect of MCS-90. If it was operating in interstate commerce, then it may be that consideration of the invalidity argument based upon Pennsylvania law is obviated. Neither party has presented

---

vehicle operated in common or contract carrier service shall be in amounts not less than $300,000 per accident.

52 Pa. Code § 32.12(a).

[5] It is not clear whether Canal has filed the requisite Form "E" Certification.

any factual premise for deciding whether the tractor trailer was moving in interstate or intrastate commerce at the time of the accident. This issue can be complex. See, e.g., Progressive Cas. Ins. Co. v. Hoover, 809 A.2d 353 (Pa. 2002). The parties have also not addressed the question of what impact, if any, a finding that the vehicle was moving in interstate commerce may have on the argument that the OHE is invalid based upon a state regulation that pertains to vehicles moving in intrastate commerce.

Federal courts are not to issue opinions that rest upon hypothetical facts. See Flast v. Cohen, 392 U.S. 83, 96 n.14 (1968); Burkey v. Marberry, 556 F.3d 142, 149 (3d Cir. 2009). In this case, it would not be appropriate for this Court to adjudicate on Canal's summary judgment motion the effect of either the MCS- 90 endorsement or 52 Pa. Code § 32.12 because, in order to do so, the Court would have to make assumptions as to whether or not the insured vehicle was in interstate commerce. Consideration of the important issues presented in this case should be made only in the context of a concrete determination as to whether the insured's vehicle was involved in interstate or intrastate commerce at the time of the accident. Only then will the case have the appropriate factual context for avoiding resolution of an abstract question or rendering an advisory opinion on an issue that is not really pertinent to the parties' situation.[6]

---

[6] It may be that the interstate commerce question can be resolved on a summary judgment motion. Accordingly, the summary judgment motion will be denied without prejudice to presenting the issues for resolution on an appropriate factual record. Of

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion for Summary Judgment (Dkt. Entry 19) is DENIED, WITHOUT PREJUDICE.

2. A scheduling conference will be conducted in Chambers on April 24, 2009, at 9:00 a.m.

s/ Thomas I. Vanaskie<br>
Thomas I. Vanaskie<br>
United States District Judge

---

course, if the threshold question cannot be decided on a summary judgment motion, a trial will be held.